Filed 7/22/14  P. v. Cabral CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B251605 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA097691) |
| v. | |
| ADRIAN HERRERA CABRAL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

# FACTUAL AND PROCEDURAL BACKGROUND

Janet Cabral fled from her house and called police to report that her husband, Adrian Herrera Cabral (Cabral), had struck her during an argument. Cabral accused his wife of "going out clubbing in July of 2011 while he was away," slapped her on the right side of her face with his right backhand, and "when she tried to get away, he pulled her hair and punched her one time in the jaw." Cabral then took her to the garage, threw her on the ground, and attempted to strangle her by wrapping "his right hand around her neck for approximately nine to ten seconds."

Arriving officers met Janet Cabral at the house, which was locked. After entering the house through a window, the officers smelled gas and found Cabral lying in the garage, inebriated and unconscious from carbon monoxide poisoning. Cabral was transported to the hospital for treatment and later arrested.

An information charged Cabral with one count of inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)), with special allegations that Cabral had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (*id.*, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and had previously served two separate prison terms for felonies (*id.*, § 667.5, subd. (b)). Cabral pleaded not guilty and denied the special allegations. The trial court granted his motion to bifurcate the trial of his prior conviction allegations.

A jury convicted Cabral as charged. After Cabral waived his right to a jury trial, the court found true the prior conviction allegations following a bench trial. The court heard and denied Cabral's motion to dismiss his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court sentenced Cabral to an aggregate state prison term of seven years: six years (the middle term of three years doubled under the three strikes law) for inflicting corporal injury on a spouse, plus one year for the prior prison term enhancement. The court awarded Cabral presentence custody credit of 274 days and imposed statutory fees, fines, and assessments.

## DISCUSSION

We appointed counsel to represent Cabral on appeal. After examination of the record, counsel filed an opening brief raising no issues. On April 21, 2014 we advised Cabral he had 30 days within which to submit any contentions or issues he wished us to consider. We have not received a response.

We have examined the entire record and are satisfied that Cabral's attorney on appeal has fully complied with the responsibilities of counsel and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

SEGAL. J.[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.